IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>  v.<br><br>CODY KYLE DOBBS,<br><br>    Defendant/Petitioner. | No. CR 06-00711 SI<br>(Civil No. 10-3402 SI)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |

## BACKGROUND

In October 2006, Cody Kyle Dobbs was indicted by a grand jury and charged with three counts of manufacturing and possessing with intent to distribute marijuana and two counts of conspiracy to do the same. Indictment, Dkt. 1. Dobbs initially retained John Jordan as his counsel and was represented by Mr. Jordan at his arraignment in November 2006. Arraignment, Dkt. 3. In December 2006, Dobbs filed a Notice of Substitution of Attorney by which he substituted J. David Nick for Jordan. Notice of Substitution of Att'y, Dkt. 10. After a number of pre-trial conferences and motions, including a continuance, the trial was scheduled to begin on November 13, 2007. *See* Minute Entry for 8/3/07, Dkt. 50. Mr. Nick represented Dobbs throughout these pre-trial preparations. On October 29, 2007, Michael Linscheid associated with Nick as additional counsel. Notice of Assoc. of Counsel, Dkt. 95. Dobbs failed to appear at his final pre-trial conference on October 30, 2007; however, Nick informed the Court that although Dobbs' absence was accidental, Dobbs voluntarily waived his right to be present. Tr. of Proceedings as to Cody Dobbs held on October 30, 2007, Dkt. 208. Dobbs confirmed the waiver at the outset of the trial. Tr. of Proceedings as to Cody Dobbs held on 11-13-2007, Dkt. 214.

Dobbs' jury trial, held before this Court, began on November 13, 2007. *Id.* On December 5, 2007, the jury returned a verdict of guilty on all but one count. Jury Verdict, Dkt. 171. Dobbs was sentenced to 127 months' imprisonment followed by 10 years of supervised release, a $400 special assessment and $34,485.48 in restitution. J., Dkt. 199. Dobbs, through Nick, filed a timely appeal to the Ninth Circuit. Notice of Appeal, Dkt. 195. Nick withdrew as counsel on June 6, 2008, and was replaced by court-appointed counsel (Nina Wilder). CJA 20 as to Cody Dobbs: Appointment of Att'y, Dkt. 207. Dobbs' conviction was affirmed on all counts by the Ninth Circuit on November 17, 2009. *United States v. Dobbs*, No. 08-10239 (9th Cir. 2009), Dkt. 231.

On July 30, 2010, Dobbs filed a motion for release pursuant to 28 U.S.C. § 2255. Mot. to Vacate, Dkt. 236. In this motion, Dobbs raises three claims: (1) that Dobbs misinterpreted statements made by counsel regarding whether the Court would permit him to substitute counsel in the weeks leading up to the trial, causing him to be deprived of his right to be represented by counsel of his choice; (2) that, by causing Dobbs' confusion and failing to convey Dobbs' request regarding substitution of counsel, Nick provided ineffective assistance; and (3) that appellate counsel Nina Wilder also provided ineffective assistance due to her unwillingness to raise issues relating to claims (1) and (2) during Dobbs' direct appeal. *Id.* at 3-5.[1]

**LEGAL STANDARD**

**I.    The Right to Counsel of Choice**

Criminal defendants have a general right to counsel of their choosing; however, that right is not unlimited. *Wheat v. United States*, 486 U.S. 153, 159 (1988). The wrongful denial of counsel of one's choosing is considered a structural, and thus reversible, error. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 141 (2006). Additionally, "[w]here the right to be assisted by counsel of one's choice is wrongly denied, . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation." *Id.* at 147-48.

---

[1] Dobbs also filed a motion for leave to file a memorandum of law in support of his section 2255 motion on July 30, 2010. Mot. for Leave to File a Memo. of Law, Dkt. 243. However, as Dobbs has filed a Reply to the Government's Opposition brief expressing his arguments and citing to case law, this motion is DENIED. *See* Reply, Dkt. 241.

2

Right to choice of counsel, however, relates to wrongful denial of that right by the judicial system or government, not private individuals. *Davis v. Goss*, No. 6: 09-257-DCR, 2010 WL 1872871, at *9 (E.D. Ky. May 10, 2010); *see also Berryman v. Ayers*, No. 1:95-CV-05309-AWI, 2007 WL 1991049, at *67 (E.D. Cal. July 10, 2007) (holding that "a Sixth Amendment violation for intrusion into the attorney-client relationship requires actual and intentional governmental conduct."). Attorneys in private practice are not state actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law. *See Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977). Without evidence that the court or another state actor wrongfully interfered with a criminal defendant's right to counsel of his choosing, no Sixth Amendment right to counsel claim can be established. *Cf. Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense.").

## II.     Right to Effective Assistance of Counsel

### A.     In General

The Sixth Amendment right to counsel guarantees not only assistance, but also effective assistance of counsel. *Strickland*, 466 U.S. at 686. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, a petitioner must establish two things. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### 1.   Deficient performance by counsel

First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. A habeas petitioner has the burden of showing through evidentiary proof that counsel's performance was deficient. *See Toomey v. Bunnell*, 898 F.2d 741, 743 (9th Cir.), *cert. denied*, 498 U.S. 960 (1990); *see also Rios v. Rocha*, 299 F.3d 796, 813 n.23 (9th Cir. 2002) (rejecting two ineffective assistance of counsel claims based on petitioner's failure to produce evidence of prejudice).

The petitioner must show that counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688; *see also Bobby v. Van Hook*, 130 S. Ct. 13, 18 (2009). The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. *See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). "Judicial scrutiny of counsel's performance must be highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

### 2.   Prejudice

Second, the petitioner must show that counsel's errors were so serious as to deprive the petitioner of a fair trial, *i.e.*, a trial with a reliable result. *Strickland*, 466 U.S. at 688. The test for prejudice is not outcome-determinative, *i.e.*, petitioner need not show that the deficient conduct more likely than not altered the outcome of the case; however, a simple showing that the defense was impaired is also not sufficient. *Id.* at 693. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* at 694. Where the petitioner fails to establish deficient performance, however, the court need not continue to an examination of whether there was prejudice. *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

4

### B.     Ineffective Assistance Of Appellate Counsel

Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by petitioner. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Miller*, 882 F.2d at 1434 n.10. The "weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Id.* at 1434. Declining to raise a weak issue will therefore often both demonstrate an objective level of competence and fail to be a cause of prejudice to the client. *See id.*

Appellate counsel may also rightfully distinguish between issues appropriate for a direct appeal and those better left to a later habeas appeal. *See Massaro v. United States*, 538 U. S. 500, 509 (2003) (failure to raise ineffective assistance of counsel claim on direct appeal does not bar the claim from being brought in a later proceeding under section 2255); *United States v. Vgeri*, 51 F.3d 876, 882 (9th Cir. 1995). Ineffective assistance of counsel claims are not ordinarily reviewed on direct federal appeal and are more appropriately raised in habeas corpus proceedings unless "the record is sufficiently developed to permit the reviewing court to resolve the issue, or when assistance is so inadequate that it obviously interferes with a defendant's 6th Amendment right to counsel." *Id.* (citation omitted).

To determine whether appellate counsel's failure to raise a claim of ineffective assistance of trial counsel was objectively unreasonable and prejudicial, the district court must first assess whether the merits of the underlying claim. *Moormann v. Ryan*, No. 08-99035, 2010 WL 4968707, *4, slip op. 19641, 19651 (9th Cir. December 08, 2010). Where the underlying claim is without merit because "trial counsel's performance was not objectively unreasonable or did not prejudice [the petitioner], then appellate counsel did not act unreasonably in failing to raise a meritless claim of ineffective assistance of counsel, and [the petitioner] was not prejudiced by appellate counsel's omission." *Id.*

### III.    Right to an Evidentiary Hearing

Section 2255 requires that an evidentiary hearing be held unless the record conclusively reveals that the petitioner is not entitled to relief. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). The petitioner need not detail his evidence, but must only make special factual allegations which, if true, would entitle him to relief. *Id.* An evidentiary hearing need not be held where the

5

petition, files and record of the case conclusively show that petitioner is entitled to no relief. *Id.* (evidentiary hearing required where petitioner alleged that an essential element of the offenses charged in two of the three crimes of conviction was lacking); *see also United States v. Howard*, 381 F.3d 873, 877-79 (9th Cir. 2004) (a claim for ineffectiveness based on counsel's failure to address defendant's incompetence to plead guilty required an evidentiary hearing where specific, credible evidence existed that defendant was under the influence of powerful narcotic drugs). The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See Mejia-Mesa*, 153 F.3d at 931 (district court properly denied evidentiary hearing on claims that failed to state a claim for relief under section 2255 as a matter of law).

## DISCUSSION

### I.    The Court Did Not Violate Dobbs' Right to Choice of Counsel

In his section 2255 motion, Dobbs alleges that his lawyer, Nick, misled him with regard to whether Nick had asked the Court about the possibility of substituting a new lawyer, Russell Clanton, for Nick. Dobbs submits two declarations, one from Nick and one from Clanton, that confirm that Dobbs spoke to both lawyers about the possibility of changing lawyers, and that Nick informed Dobbs that such a request might well be denied due to the proximity of the trial's scheduled start date. Nick Decl., ¶ 1 at 1, Dkt. 237; Letter from Russell J. Clanton as to Cody Dobbs, ¶ 4 at 1, Dkt. 242. However, at no point did Dobbs speak with a court representative about his wish to change lawyers and neither lawyer filed any paperwork to begin the substitution process.

Because Dobbs' complaint is directed solely at Nick's alleged wrongdoing, not any wrongdoing of the court or another state actor, the complaint is more appropriately considered an ineffective assistance of counsel claim.[2] Dobbs assertion that Nick is "an officer of the court" does not make Nick

---

[2] In his motion, Dobbs relies heavily on *United States v. Gonzalez-Lopez*, 548 U.S. 140, 143-44 (2006), in which a defendant convicted of conspiracy to distribute marijuana appealed his conviction, claiming that his right to counsel of choice had been violated. The Supreme Court held that the defendant's rights had in fact been violated and that this constituted a structural, and thus reversible, error. *Id.* at 150. Dobbs has interpreted *Gonzalez-Lopez* to mean that *any* time a defendant is denied

6

a government actor for the purposes of the Sixth Amendment. Finally, Dobbs' claim that Clanton's declaration shows that Nick did in fact ask the Court for permission to file a substitution of counsel motion and was denied is not supported by any evidence in the record. There is no evidence from the pre-trial proceedings or the trial to indicate that the Court was apprised of Dobbs' wish to change lawyers.

## II.    Dobbs' Ineffective Assistance of Trial Counsel Claim Fails

The basis for Dobbs' ineffective assistance of counsel claim is Nick's failure to communicate Dobbs' desire to change counsel to the Court and Nick's alleged misrepresentation of the situation to Dobbs. The record before the Court, including Nick's Declaration (Dkt. 237) and Clanton's Declaration (Dkt. 242), indicates that Dobbs expressed his desire to change counsel to Nick, and that Nick did not convey that desire to the Court. While Dobbs' current frustration may be understandable, Nick's failure to convey Dobbs' concerns to the Court is not sufficient to establish an ineffective assistance of counsel claim under the *Strickland* test.

The first prong of the *Strickland* test is the deficient performance inquiry. In his declaration, Nick notes that he believed that Dobbs wanted not simply to change counsel but to do so without changing the trial's scheduled start date. Nick Decl., ¶ 1 at 1. Due to the proximity of that date, which was two or three weeks away at the time of Dobbs' request, Nick felt that the Court was unlikely to grant the request. *Id.* Nick's advice was not constitutionally deficient: Trial courts are granted considerable discretion in deciding whether to permit a continuance to allow for the substitution of counsel, and may decline to allow a substitution where the change would necessitate a continuance. *See*

---

his choice of counsel, a reversible constitutional error occurs. Reply at 2. However, this is a misinterpretation of the holding in *Gonzalez-Lopez*. The Supreme Court held only that "[a] choice-of-counsel violation occurs whenever the defendant's choice is *wrongfully* denied." *Gonzalez-Lopez*, 548 U.S. at 150 (emphasis added). The situation in *Gonzalez-Lopez* differs from the case currently before this Court in that (1) the defendant in *Gonzalez-Lopez* was denied access to his chosen counsel for no legitimate reason and (2) the denial was facilitated by the court. In Dobbs' case, however, the denial (if a denial took place) was due to concerns regarding the proximity of the trial date, and was facilitated by Dobbs' counsel without the Court ever being aware of Dobbs' interest in changing counsel. Therefore, *Gonzalez-Lopez* is inapposite and does not affect the Court's holding in this case.

7

*Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).[3] By the time Dobbs informed Nick that he wanted to change his choice of counsel, the scheduled start date of the trial was only two to three weeks away. This Court could, within its discretion, have permitted or denied the substitution of counsel, with or without a continuance: the Court could have considered that Nick was Dobbs' second lawyer, indicating that Dobbs had some understanding of how substitution of counsel works; Nick associated with co-counsel Linscheid at or near the time of the suggested substitution; and there is no other evidence that Nick was unprepared for trial or otherwise incompetent counsel for Dobbs. Moreover, Dobbs' acquiescence to Nick's appraisal of the situation as well as his explicit waiver with regard to attending the pre-trial conference, suggest that Dobbs' desire to change counsel may not have been strong at the time.

Even if this Court would have granted Dobbs the substitution, Nick's analysis was professionally reasonable. There are no specific requirements that must be met in order for decisions of counsel to be considered professionally reasonable; instead, courts look to generally accepted standards of behavior in the profession. *Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). There is a strong presumption that a counsel's choices are reasonable: "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689.

In *Strickland*, the Supreme Court upheld the respondent's conviction and capital sentence and

---

[3] When a requested continuance arguably implicates a defendant's Sixth Amendment right to counsel, such as a request for a continuance to substitute counsel with counsel of choice, the court must consider the effect of its decision on this fundamental right. *See United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999) (en banc) (the defendant's Sixth Amendment right to counsel was not abridged where the trial court denied continuance on the eve of trial, as the trial court had scrupulously respected the defendant's right to counsel by, over a year-long period, taking great care in handling defendant's complaints about his attorneys, holding hearings on defendant's requests, and explaining to the defendant all the consequences of his decisions to proceed *pro se*); *see also Miller v. Blacketter*, 525 F.3d 890, 896-98 (9th Cir. 2008) (denial of public defender's motions to withdraw and to continue the trial so that petitioner could retain a private attorney did not violate petitioner's Sixth Amendment right to choice of counsel because (1) petitioner had not yet retained a new attorney, (2) public defender was sufficiently prepared for trial, and (3) motions were made the morning trial was set to begin); *see also United States v. Dompier*, 361 Fed. Appx. 823, 824-25 (9th Cir. 2010) (holding that the district court's denial of defendant's motion to substitute counsel was not an abuse of discretion where trial was five weeks away but counsel had spent significant time preparing and there was no evidence of a complete breakdown in communications).

8

denied his ineffective assistance of counsel claim, holding that counsel's decision not to seek out character witnesses or request a psychiatric examination was professionally reasonable in light of respondent's previous confession, counsel's knowledge of the sentencing judge, and counsel's desire to prevent certain evidence from being made available for cross-examination. 466 U.S. at 699. Similarly, in *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420-22 (2009), the Supreme Court held that counsel's decision not to pursue the testimony of defendant's parents and recommendation that defendant withdraw his not guilty by reason of insanity plea were within the bounds of professional reasonableness, noting that "[c]ounsel also is not required to have a tactical reason-above and beyond a reasonable appraisal of a claim's dismal prospects for success-for recommending that a weak claim be dropped altogether." By contrast, in *Kimmelman v. Morrison*, 477 U.S. 365, 385-87 (1986), the Supreme Court held that defense counsel's failure to engage in adequate pretrial discovery fell below the standard of basic professional reasonableness, where that failure led to the admission of otherwise potentially excludable evidence that had a significant impact on the verdict.

Nick's decision not to submit Dobbs' request to substitute counsel was motivated by legitimate trial strategy (avoiding another continuance) and a reasonable belief that the request would likely be denied. The potential danger to Dobbs was far less than in *Strickland* or *Knowles*, and certainly less than in *Kimmelman*. Dobbs has not presented any evidence in support of his assertion that Nick's actions were not professionally reasonable. Dobbs does not contend that Nick was otherwise ineffective, or that Nick's performance at the trial was substandard. His only complaint is with regard to Nick's advice relating to the Court's likely response to a request to substitute counsel. Taken alone, this does not rebut the strong presumption of counsel's sufficiency or the highly deferential position that courts are instructed to take when considering counsel's decisions. Therefore, Nick's conduct was professionally reasonable under the first prong of the *Strickland* test. This Court does not need to proceed to the second prong of *Strickland*, the prejudice determination, because Dobbs has failed to establish deficient performance. *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

### III.   Dobbs' Ineffective Assistance of Appellate Counsel Claim Fails

Because Dobbs' claim of inefficient assistance of trial counsel is without merit, appellate counsel

9

was justified in declining to raise the issue on direct appeal. Moreover, even if the ineffective trial assistance claim was valid, the Ninth Circuit has recognized that an ineffective assistance of counsel claim is more appropriately raised in a habeas claim than on direct appeal. *United States v. Daly*, 974 F.2d 1215, 1218 (9th Cir. 1992). Therefore, Dobbs' appellate counsel's choice not to raise the claim against Nick on direct appeal was reasonable. In sum, nothing in the record or pleadings indicates that Dobbs received less than effective appellate counsel.

### IV.    Whether an Evidentiary Hearing is Merited

There are two grounds on which an evidentiary trial may be denied: failure to state a claim on which relief may be granted, or claims that are "palpably incredible or patently frivolous." *Mejia-Mesa*, 153 F.3d at 931. Dobbs' right to counsel of choice claim fails to state a claim on which relief may be granted, as it is based on a misinterpretation of the Sixth Amendment's applicability to the actions of private individuals. Dobbs' ineffective assistance of appellate counsel is similarly without merit. Of Dobbs' three distinct claims (right to counsel of choice, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel), the only one with substance is the effective assistance of counsel claim. However, because Nick's advice to Dobbs on the substitution question was well within the bounds of professional competence, an evidentiary hearing is unnecessary. The claim, while not palpably incredible or frivolous, is without merit.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Dobbs' section 2255 motion on all counts.

**IT IS SO ORDERED.**

Dated: March 3, 2011

SUSAN ILLSTON
United States District Judge